IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-62,425-02 and WR-62,425-01






EX PARTE KEITH THURMOND









ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS
AND MOTION FOR STAY OF EXECUTION

FROM CAUSE NO. 01-12-07721-CR IN THE 410TH DISTRICT COURT

MONTGOMERY COUNTY




 Per Curiam. Price, J., filed a dissenting statement in which Johnson and
Alcala, JJ., joined.


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5, and a motion for stay
of execution.

 In November 2002, a jury found applicant guilty of the offense of capital murder. The
jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure
Article 37.071, and the trial court, accordingly, set applicant's punishment at death. This
Court affirmed applicant's conviction and sentence on direct appeal. Thurmond v. State, No.
AP-74,493 (Tex. Crim. App. Nov. 17, 2004)(not designated for publication). Applicant filed
his initial post-conviction application for writ of habeas corpus in the convicting court on
October 29, 2004. This Court denied applicant relief. Ex parte Thurmond, No. WR-62,425-01 (Tex. Crim. App. Aug. 31, 2005)(not designated for publication). This, applicant's first
subsequent application, was filed in the trial court on February 28, 2012.

 In his application, applicant raises a claim that his trial counsel was ineffective for
failing to investigate and present mitigating evidence at trial. He argues that this Court
should address this claim in his subsequent application because his initial state habeas
counsel was ineffective in failing to properly raise the claim in his initial application. 
Applicant's allegation fails to meet the dictates of Article 11.071, § 5. Accordingly, we
dismiss the application as an abuse of the writ without considering the merits of the claim,
and we deny his motion to stay his execution. Likewise, we decline applicant's invitation
to reconsider applicant's initial habeas application.

 IT IS SO ORDERED THIS THE 29TH DAY OF FEBRUARY, 2012.


Do Not Publish